Case 4:07-cv-00444-RAS   Document 18   Filed 07/28/08   Page 1 of 5 PageID #: 362

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| C.H. and G.H., as next friends of C.H., a minor child, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 4:07-CV-444 |
| NORTHWEST INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

## ORDER DENYING DEFENDANT NORTHWEST INDEPENDENT SCHOOL DISTRICT'S APPLICATION FOR COSTS AND ATTORNEY'S FEES

Pending before the court is "Defendant Northwest Independent School District's Application for Costs and Attorney's Fees" (docket entry #10). Having considered the Defendant's application and the Plaintiffs' response in opposition thereto, the court finds that the application should be denied.

On November 15, 2007, the Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6). The Plaintiffs failed to file a response to the Defendant's motion to dismiss. Accordingly, pursuant to Local Rule CV-7(d), the court presumed that the Plaintiffs had no opposition to the Defendant's motion and granted the Defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The court made no findings as to the Defendant's Fed. R. Civ. P. 12(b)(6) motion. The court invited the Defendant to move for an award of costs and attorneys' fees, if appropriate.

Thereafter, the Defendant filed the instant application for costs and attorney's fees. The

Plaintiffs brought this lawsuit pursuant to 20 U.S.C. § 1400 *et seq.*, the Individuals with Disabilities Education Act ("IDEA"). In an action brought under the IDEA, the court may, in its discretion, award reasonable attorneys' fees as part of the costs

> **(II)** to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
>
> **(III)** to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i)(II) & (III).

The court must first determine if the Defendant is a prevailing party. The Fifth Circuit "has specifically held that in IDEA cases, a prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA." *Jason D.W. v. Houston Independent School Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (citation omitted). While the Defendant argues that it is entitled to recover its attorney's fees because the Plaintiffs' lawsuit was frivolous, the Defendant is silent as to whether it is actually a prevailing party.

As noted above, the court granted the Defendant's FED. R. CIV. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and dismissed the Plaintiffs' case without prejudice on December 10, 2007. The court, however, made no substantive findings. Since this case was dismissed for lack of subject matter jurisdiction, the Defendant does not meet the Fifth Circuit's definition of a "prevailing party" in the context of an IDEA case. *See Miles v. State of California*,

320 F.3d 986, 988 (9th Cir. 2003) (in the context of a 42 U.S.C. § 1983 claim and request for attorneys' fees pursuant to 42 U.S.C. § 1988, a defendant is not a "prevailing party" when a case is dismissed for lack of subject matter jurisdiction). The dismissal for lack of subject matter jurisdiction neither altered the legal relationship between the school district and the Plaintiffs, nor did it foster the purposes of the IDEA. Accordingly, the Defendant is not entitled to recover its attorney's fees.

However, even if the court were to conclude that the Defendant was a "prevailing party," the outcome would remain unaltered. "The calculation of attorneys' fees involves a well-established process." *Jason D.W.*, 158 F.3d at 208. First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999). The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

> The *Johnson* factors are:
>
> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n. 23, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

After considering the twelve *Johnson* factors, the court may adjust the "lodestar" upward or

downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive." *Verginia McC v. Corrigan-Camden Independent School District*, 909 F.Supp. 1023, 1032 (E.D. Tex. 1995)(Heartfield, J.). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. General Electric Co.*, 245 F.3d 474, 491 n. 31 (5th Cir. 2001), quoting *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Verginia McC*, 909 F.Supp. at 1032, quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941.

Here, however, the Defendant failed to engage in the above-referenced analysis. While the Defendant's counsel averred that her billable rate of $210 per hour was reasonable for an attorney of her experience and skill level in her community, counsel failed to provide the court with any information regarding the prevailing hourly rate in her community for similar work.[1] *See also* 20 U.S.C. § 1415(i)(3)(C). Additionally, counsel did not provide the court with an analysis of the *Johnson* factors. As such, the Defendant's application for attorney's fees should be denied.

With respect to costs, the Defendant seeks to recover a total of $147.02 (postage – $11.32; copies – $116.90; and long distance – $18.80). When, as here, the underlying lawsuit is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919. *See Miles*, 320 F.3d at 988 n.2 ("Unlike Rule 54(d), § 1919 is permissive, allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'").

---

[1] The court is not suggesting that counsel's hourly rate is unreasonable.

The recovery of costs is limited to those items listed in the cost statute, 28 U.S.C. § 1920. The following may be taxed as costs:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Section 1920 does not provide for an award of postage fees or long distance fees. Accordingly, such fees are disallowed. The Defendant also seeks to recover as costs its copying expenses. The Defendant, however, did not provide the court with any information to substantiate its request for $116.90 in copying expenses. Without more, the court is unable to determine if the Defendant's copies were necessarily obtained for use in this case. As such, the fees are disallowed as well.

Based on the foregoing, "Defendant Northwest Independent School District's Application for Costs and Attorney's Fees" (docket entry #10) is **DENIED**.

**SIGNED this the 25th day of July, 2008.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE